**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **TRAVIS SCOTT GRAY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-01276-O-BP** |
| | § | |
| **CITY OF NORTH RICHLAND HILLS,** | § | |
| ***et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

By Order dated December 15, 2025, the Court granted *pro se* Plaintiff Travis Gray leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 18. The Order withheld service of process in this case until the Court completed judicial screening under 28 U.S.C. § 1915(e)(2). *Id.* Apparently Gray notified the City of North Richland Hills ("the City") of his suit, and the City filed a motion to dismiss Gray's case on December 4, 2025. ECF No. 13.

On December 30, 2025, Gray moved to file a Second Amended Complaint. ECF No. 19. Gray does not certify that he conferred with counsel for the City to determine whether counsel opposed or did not oppose the Motion. The Local Civil Rules of the Court require "the moving party [to] confer with an attorney for each party affected by the requested relief to determine whether the motion is opposed." L.C.R. 7.1(a). Furthermore, "[e]ach motion for which a conference is required must include a certificate of conference indicating that the motion is unopposed or opposed" or "explain[ing] why it was not possible to confer." *Id.* 7.1(b). A motion for leave to file requires conference. *Id.* 7.1(h).

Regardless of his *pro se* status, the Court reminds Gray of his duty to comply with the rules of this Court. *Pena v. Dall. Police Ass'n*, No. 3:22-cv-0987-N-BH, 2023 WL 2144296, at *2 (N.D. Tex. Jan. 17, 2023), *rec. adopted*, No. 3:22-cv-0987-N-BH, 2023 WL 2142973 (N.D. Tex. Feb. 21, 2023) (citing *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013)) ("A litigant's *pro se* status [does not] excuse[] [his] [] lack of knowledge of the Rules of Civil Procedure.").

Despite the Motion's procedural shortcomings, for good cause shown, the Court **GRANTS** the Motion. Gray's Second Amended Complaint supersedes (takes the place of) his previous complaints. After considering the Second Amended Complaint and applicable legal authorities, the undersigned recommends that Chief United States District Judge Reed O'Connor **DISMISS** the Second Amended Complaint for failure to state a claim, without leave to amend.

## I.    BACKGROUND

Gray sues the City and various law enforcement personnel (collectively "Defendants") under 42 U.S.C. § 1983 and Texas law due to an alleged unlawful stop, arrest, detention, and processing. ECF No. 19-1 at 1-4. Gray concludes that the arrest was without probable cause because the charges were dismissed, and he was released from custody shortly after his arrest. *Id.* at 8.

Gray asserts that Defendants arrested him without a warrant, probable cause, or lawful authority to do so. *Id.* at 2. He claims that this unlawful arrest deprived him of his First and Fourth Amendment rights and caused him to "suffer[] [a] loss of liberty, emotional distress, humiliation, and other compensable damages." *Id.* at 8-9. Gray seeks a declaration that Defendants violated his rights, judgment against the City, compensatory and punitive damages, and injunctive and declaratory relief. *Id.* at 12.

## II.    LEGAL STANDARDS

### A.    28 U.S.C. § 1915

When a plaintiff proceeds *in forma pauperis*, § 1915(e)(2)(B) authorizes the court to screen the plaintiff's case to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant that is immune from such a claim. 28 U.S.C. § 1915(e)(2)(B)(i-ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). And to state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, if the court determines that the plaintiff has pleaded his best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326-27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

### B.    *Monell* Liability

"Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any [law] subjects [] any citizen of the United States or other person within the jurisdiction

3

thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983.

Municipal liability under § 1983 requires proof of three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694 (1978)). An official policy is either:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [city] . . . or by an official to whom the [city] ha[s] delegated policy-making authority; or
> 2. A persistent, widespread practice of [city] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents [city] policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the district or to an official to whom that body had delegated policy-making authority.

*Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995) (citing *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992)).

A court must determine whether each policy or custom, identified by a plaintiff as the alleged cause of a constitutional violation, is facially constitutional or unconstitutional. *Piotrowski*, 237 F.3d. at 579. If facially constitutional, then the policy can only "support liability if it was promulgated with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result." *Id.* (quoting *Bd. of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 409 (1997)). "Deliberate indifference of this sort is a stringent test, and 'a showing of simple or even heightened negligence will not suffice' to prove municipal culpability." *Id.* (quoting *Brown*, 520 U.S. at 409).

While courts in this circuit are split on the level of specificity required for pleading municipal liability claims, several courts follow a "common-sense approach" that requires "only

4

minimal factual allegations." *E.G. by Gonzalez v. Bond*, No. 1:16-cv-0068-BL, 2016 WL 8672774, at *5 (N.D. Tex. Sept. 9, 2016), *rec. adopted as modified sub nom. E.G. v. Bond*, No. 1:16-cv-068-C, 2017 WL 129019 (N.D. Tex. Jan. 13, 2017) (citing *Thomas v. City of Galveston, Tex.*, 800 F. Supp. 2d 826, 842-44 (S.D. Tex. 2011)). This approach relies on *Iqbal*'s instruction that courts draw on their judicial experience and common sense, and on the fact that, in the municipal liability context, "it is exceedingly rare that a plaintiff will have access to (or personal knowledge of) specific details regarding the existence or absence of internal policies or training procedures prior to discovery. . . ." *Id.*

### C.    Qualified immunity

"Qualified immunity protects government officials sued in their individual capacities from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *James v. Dall. Hous. Auth.*, 526 F. App'x. 388, 391 (5th Cir. 2013) (internal quotations and citations omitted).

Courts apply "a two-pronged analysis to determine whether a defendant is entitled to qualified immunity: inquiring (1) whether the plaintiff has alleged a violation of a constitutional right and, if so, (2) whether the defendant's behavior was objectively reasonable under clearly established law at the time the conduct occurred." *Id.* at 392 (citing *Thompson*, 245 F.3d at 457). "If the answer to either question is 'no,' the [government official is] entitled to qualified immunity." *Id.* (citing *Reichle v. Howards*, 566 U.S. 658, 663 (2012)). "Courts may exercise discretion in deciding which of the two qualified immunity prongs to address first." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

For a right to be clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v.*

*Creighton*, 483 U.S. 635, 640 (1987). The Fifth Circuit requires that the law "so clearly and unambiguously prohibited the violative conduct that '*every* reasonable official would understand that what [s]he is doing violates the law.'" *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (alteration in original) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). The Supreme Court does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft*, 563 U.S. at 741.

### D.    TTCA immunity

The Texas Tort Claims Act ("TTCA") "provides a limited waiver of immunity for certain suits against governmental entities and caps recoverable damages." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) (citing Tex. Civ. Prac. & Rem. Code § 101.023). "The tort liability of the state of Texas and its political subdivisions . . . is strictly limited. *Barnes v. Dall. Park & Recreation Dep't*, No. CIV.A.3:98-cv-1186-G, 1999 WL 378136, at *2 (N.D. Tex. June 7, 1999) (citing *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997)). "Cities, as political subdivisions of the State of Texas, come within the parameters of the Act." *Holland v. City of Hous.*, 41 F. Supp. 2d 678, 710 (S.D. Tex. 1999) (citations omitted). However, "[t]he TTCA provides a limited waiver of immunity for certain suits against Texas governmental entities." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 462 (5th Cir. 2010). "The Act generally waives governmental immunity to the extent that liability arises from the 'use of a motor-driven vehicle or motor-driven equipment' or from 'a condition or use of tangible personal or real property.'" *Garcia*, 253 S.W.3d at 655-56 (Tex. 2008) (citing Tex. Civ. Prac. & Rem. Code § 101.021).

In 2003, the legislature added a "comprehensive election-of-remedies provision," in TTCA § 101.106. *Univ. of Tex. Health Sci. Ctr. at Hous. v. Rios*, 542 S.W.3d 530, 536 (Tex. 2017). Under the provision, a plaintiff must "decide on a theory of tort liability before suit is even filed," and

"'decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable.'" *Id.* (citing *Garcia*, 253 S.W.3d at 657).

The plaintiff's decision serves as an "irrevocable election at the time suit is filed between suing the governmental unit under the [TTCA] or proceeding against the employee alone." *Garcia*, 253 S.W.3d at 657. When a plaintiff sues "both a governmental unit and its employees in tort . . . § 101.106(e) requires that "the employees shall immediately be dismissed on the filing of a motion by the governmental unit." *Rios*, 542 S.W.3d at 537. As a result, "this requirement effectively makes a plaintiff's apparent nonchoice an election to sue only the government." *Id.*

## III.    ANALYSIS

### A.    Dismissal is appropriate because Gray has not stated a claim on which relief may be granted.

Title 28 U.S.C. § 1915(e)(2)(ii) requires a court to dismiss an action brought *in forma pauperis* if it fails to state a claim upon which relief may be granted. Dismissal under Section 1915(e)(2)(ii) follows the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6). *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (citing *Praylor v. Tex. Dep't of Criminal Justice*, 430 F.3d 1208, 1209 (5th Cir. 2005)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). It must also include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To decide whether the pleadings state a claim upon which relief can be granted, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

### 1.    Gray does not state a "policy and custom" claim for *Monell* liability.

Gray sues Officers Vasquez, Victorious, Birkes, Bierman, Wilson, the Chief of Police, Detention Officers John Doe 1-5, and the City, alleging violations of his Fourth Amendment rights, a denial of medical care and deliberate indifference, First Amendment retaliation, and a conspiracy against his rights. ECF No. 19-1 at 8-10. He argues the City is subject to *Monell* liability due to his unlawful arrest. ECF No. 19-1 at 5.

Gray cannot recover against the individual defendants in their official capacities because "[a] claim against a municipal employee in his official capacity is the equivalent of a claim made against the municipality. Stated differently, a suit against a governmental official in his official capacity is simply another way of pleading a suit against the governmental entity of which [he] is an agent." *Garcia v. City of San Antonio*, No. SA-06-CA-315-FB, 2006 WL 8434089, at *7 (W.D. Tex. Aug. 31, 2006), *rec. adopted*, No. SA-06-CA-315-FB, 2006 WL 8434186 (W.D. Tex. Oct. 17, 2006) (citing *Monell*, 436 U.S. 658 at n.55; *Kentucky v. Graham*, 473 U.S. 159, 166, (1985)). In addition, "respondeat superior is not a basis for rendering municipalities liable under § 1983 for the constitutional torts of their employees." *Monell*, 436 U.S. 658 at n.7.

As to his § 1983 claims against the City, Gray identifies the police chief and department heads as the relevant policymakers. *Id.* at 8. But Gray does not state any facts to show that an official policy or custom existed, or that the policy was the moving force behind alleged constitutional violations. *Piotrowski*, 237 F.3d at 578. Instead, he states that his facts, when

supplemented by discovery, will show a pattern of false reports, unlawful arrests and other bad behavior. ECF No. 19-1 at 5. He argues that the "city maintained "policies, customs, or practices that were the moving force behind [his] unlawful seizure." *Id.* at 11. However, Gray does not provide any factual basis for this contention. He does not provide any facts to show "written policy statements, ordinances, or regulations" or evidence of a "widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009).

Gray only claims the officials' "post-incident decisions to defend or not to remediate/discipline produced an effective ratification of the officers' conduct and amounted to deliberate indifference to [his] rights." ECF No. 19-1 at 6. He also contends the City had a policy authorizing or tolerating custodial arrest for non-arrestable offenses and permitted detention without lawful arrest authority. *Id.* And he argues that the City had notice of a pattern of unlawful custodial arrests yet failed to take corrective action. *Id.*

While the Court recognizes that at this stage, "it is exceedingly rare that a plaintiff" will have or know specific details regarding the internal policies of a municipal defendant, Gray has not provided even "minimal factual allegations" of a policy or custom, or that his allegedly unlawful arrest was anything more than an isolated incident. *E.G. by Gonzalez*, 2016 WL 8672774, at *5. Instead, he merely recites the elements of a *Monell* municipal liability claim, without any factual support for his contentions.  This is insufficient. "To proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'" *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (citing *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)). Because Gray provides no facts to support his barebones allegations,

9

the Court should dismiss his claims against the City and Officers Vasquez, Victorious, Birkes, Bierman, Wilson, the Chief of Police, and Detention Officers John Doe 1-5, to the extent Gray sues them in their official capacities.

2.      Gray does not state a claim for failure to train under *Monell.*

Gray also asserts a *Monell* claim for failure to train and supervise. ECF No. 19-1 at 11. Failure to train is a "notoriously difficult theory on which to base a Monell claim." *Allen v. Hays*, 65 F.4th 736, 749 (5th Cir. 2023). To state a failure to train theory of municipal liability, a plaintiff must plead facts demonstrating that: (1) the municipality's training procedures were inadequate, (2) the municipality was deliberately indifferent in adopting its training policy, and (3) the inadequate training policy directly caused the infringements of rights. *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 756 (5th Cir. 2009). "Proof of more than a single instance of lack of supervision causing a violation of constitutional rights is required before such lack of training can constitute deliberate indifference." *Lewis v. Pugh*, 289 F. App'x 767, 772 (5th Cir. 2008) (citations and quotation marks omitted) (citing *Thompson v. Upshur Cnty.*, 245 F.3d 447, 458 (5th Cir. 2001); *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005)).

Generally, the plaintiff must "demonstrate that the municipality or supervisor had notice of a pattern of prior acts fairly similar to what ultimately transpired." *Id.* The focus of an inadequate training claim is on the training program, and not on an individual officer who, though adequately trained, made a mistake or could have been better supervised or disciplined. *E.G. by Gonzalez*, 2016 WL 8672774, at *11.

Gray alleges that the "City failed to properly train and supervise officers and detention staff regarding the constitutional limits of arrest authority." ECF No. 19-1 at 11. But he does not assert

a single other instance of lack of adequate supervision causing constitutional violations. *Lewis*, 289 F. App'x at 772. Nor does Gray state sufficient facts to demonstrate that the City "had notice of a pattern of prior acts fairly similar to what ultimately transpired." *Id.* Instead, he merely claims without support that the City's training was inadequate. He does not show how the training was inadequate or how it caused the infringement of his rights. This is insufficient, and the Court should dismiss Gray's failure to train claim because he has not stated a claim against the City and its employees in their official capacities.

### 3.    Gray does not state a ratification claim.

Gray next claims final policy makers "were aware of [his] arrest, the rapid dismissal of charges, and the absence of probable cause, yet chose to defend the arrest, decline discipline, and maintain uncorrected records, thereby ratifying the constitutional violation." ECF No. 19-1 at 11. This ratification "theory may arise 'when the municipality's policymakers condone or otherwise adopt the creation of a custom by knowingly ratifying the illegal or unconstitutional actions of subordinate, non-policymaking employees.'" *Hartt as next friends for J.H. v. Evadale Indep. Sch. Dist.*, 772 F. Supp. 3d 749, 760 (E.D. Tex. 2025) (citing *Santibanes v. City of Tomball*, 654 F. Supp. 2d 593, 611 (S.D. Tex. 2009).

"Thus, the policy is essentially turning a blind eye to the unconstitutional conduct of government employees. Even a single unconstitutional decision or incident may give rise to liability when a policymaker ratifies a subordinate's decision." *Id.* (internal citations and quotations omitted). "The theory of ratification, however, has been limited to extreme factual situations. Therefore, unless the subordinate's actions are sufficiently extreme—for instance, an obvious violation of clearly established law—a policymaker's ratification or defense of his subordinate's actions is insufficient to establish an official policy or custom." *World Wide St.*

11

*Preachers Fellowship*, 591 F.3d at 755 (internal citations and quotations omitted).

Gray has not pleaded facts to support his contentions that policymakers condoned the unlawful arrest, adopted the creation of a custom, knowingly ratified the unconstitutional actions, or turned a blind eye to them. His cursory statement, without factual support, that the policymaker's defense of the arrest and declining to enact discipline amounts to ratification is insufficient. He also does not provide any basis that the facts amounted to an "extreme case" or an "obvious violation of clearly established law." *Id.* The Court should dismiss Gray's ratification claim because he has not provided any plausible factual basis to show that the policymakers ratified alleged unconstitutional conduct by employees.

4.    <u>Qualified immunity bars Gray's claims against officers in their individual capacities.</u>

Gray sues Lt. Kendra Wilson and the City's Chief of Police in their individual capacities for negligence, official misconduct relating to their handling of confidential information, violations of the Texas Public Information Act ("TPIA"), and breach of fiduciary duty. ECF No. 19-1 at 10. These claims are unsuccessful at step one of the qualified immunity analysis because Gray has not alleged any violation of a constitutional right resulting from the alleged conduct of these Defendants. Instead, he claims he suffered significant harm because of these Defendants' actions that amounted to state law torts. *Id.* at 10. But because he has not asserted a constitutional violation, qualified immunity bars his claims against Lt. Kendra Wilson and the Chief of Police in their individual capacities for violating his rights under § 1983. Consequently, the Court should dismiss Gray's individual capacity claims against them under § 1983.

Gray sues also sues officers Burkes, Victorious, Lt. Kendra Wilson, and the Chief of Police in their individual capacities for a "conspiracy against rights," and associated state tort law violations. *Id.* at 9. Gray asserts that his false arrest amounted to a kidnapping and therefore

12

violated his constitutional rights. *Id.* Liberally construing the claim, as the Court does under *Estelle*, Gray asserts the officers' conduct violated his Fourth Amendment constitutional protection against unreasonable searches and seizures. *Id.* at 8. However, Gray's claims falter at the next step of qualified immunity because he does not provide any factual basis that the Defendants' behavior was not "objectively reasonable under clearly established law at the time the conduct occurred." *James v. Dall. Hous. Auth.*, 526 F. App'x. at 391. And he does not "to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Morgan*, 659 F.3d at 372 (internal citations and quotations omitted).

Gray does not include facts to show that existing precedent has placed the "constitutional question beyond debate." *Ashcroft*, 563 U.S. at 741. Without any such showing, his claim cannot succeed. Accordingly, qualified immunity bars Gray's individual capacity claims under § 1983, and the Court should dismiss them.

### 5.    The TTCA bars Gray's remaining tort claims.

Gray sues both the City and the individual Defendants in tort for kidnapping, false imprisonment, assault, spoliation, negligence, and breach of fiduciary duty. ECF No. 19-1 at 9-10. Because he sued both the City and its employees, this "apparent nonchoice" serves as an irrevocable election to sue only the City for these violations. *Rios*, 542 S.W.3d at 537. Therefore, the Court should dismiss Gray's tort claims against all Defendants because the City is immune from liability for torts under the TTCA, and no waiver of immunity applies because none of Gray's claims relate to the "'use of a motor-driven vehicle or motor-driven equipment' or from 'a condition or use of tangible personal or real property.'" *See Garcia*, 253 S.W.3d at 655-56.

**B.      The Court should dismiss Gray's claims without leave to amend.**

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible, the Fifth Circuit has recommended that dismissal of suits for failure to state a claim be without prejudice. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice).

Consequently, a district court must generally afford a *pro se* plaintiff an opportunity to amend before dismissing for failure to state a claim. *Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, where the Court determines that a *pro se* plaintiff has had the opportunity to state his best case, the Court may dismiss his complaint with prejudice. *See, e.g., id.*; *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (citing *Bazrowx*, 136 F.3d at 1054) (affirming the district court's dismissal with prejudice where the *pro se* plaintiff's response to a questionnaire showed he had pleaded his best case); *Cobb v. Simmons*, 373 F. App'x 469, 470 (5th Cir. 2010) (affirming dismissal with prejudice where *pro se* plaintiff's questionnaire and objections to magistrate judge's recommendation showed he had pleaded his best case); *Hunter v. Wilson*, 3:16-cv-1289-L-BN, 2016 WL 9781808, at *2-4 (N.D. Tex. Sept. 16, 2016), *rec. adopted*, 3:16-cv-1289-L, 2017 WL 4539431 (N.D. Tex. Oct. 11, 2017).

Here, Gray already has filed his complaint, a First Amended Complaint, and a Second Amended Complaint, all of which are several pages long and detail the facts of his case. *See* ECF

Nos. 1, 8, 19. It appears that he has pleaded his best case against the Defendants. Because any further amendment would not be likely to state a viable claim against them, any further amendment would be futile. Thus, Chief Judge O'Connor should dismiss Gray's claims against the Defendants without leave to amend.

## IV.   CONCLUSION

After completing judicial screening under 28 U.S.C. § 1915(e)(2), the undersigned recommends that Chief Judge O'Connor **DISMISS** the Second Amended Complaint because Gray has not stated a claim upon which relief may be granted, and qualified immunity and the TTCA bar his claims. Since further amendment of his Second Amended Complaint would be futile, the Court should dismiss it without leave to amend.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on March 17, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE